UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-6792-VAP (KK) | Date: | January 23, 2018 |
| Title: | *Taek Yoon v. Lee, et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed With Prejudice

On January 19, 2018, a mandate issued from the Ninth Circuit vacating the Judgment against Plaintiff Taek Yoon ("Plaintiff") and remanding this case for consideration of the deliberate indifference to safety claim raised by Plaintiff in his Second Amended Complaint ("SAC"). However, it appears this claim was waived when Plaintiff failed to replead it in his Third Amended Complaint ("TAC"). Accordingly, Plaintiff is ordered to show cause in writing why this Court should not consider the deliberate indifference to safety claim waived and dismiss the action with prejudice.

# I.
# BACKGROUND

On August 10, 2011, Plaintiff constructively filed[1] a civil rights Complaint arising from the medical and dental treatment he received while incarcerated by the California Department of Corrections and Rehabilitation ("CDCR") and from correctional officers' alleged failure to protect him from attack by other inmates. ECF Docket No. ("Dkt.") 10. On August 27, 2012,

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

with the exception of Plaintiff's deliberate indifference claim against defendant Raju, the Court dismissed the Complaint with leave to amend. Dkt. 20.

On September 24, 2012, Plaintiff constructively filed a First Amended Complaint ("FAC"). Dkt. 21. On January 17, 2013, the Court granted Plaintiff leave to amend certain claims and dismissed the remainder of the FAC without leave to amend. Dkt. 29.

On March 17, 2013, Plaintiff constructively filed a SAC setting forth the following claims for relief:

> 1. Defendants Pinedo, Durant, Saaveda, and Gray were deliberately indifferent to Plaintiff's safety in violation of the Eighth Amendment.
>
> 2. Defendants Pinedo, Durant, Pearson, Lee, Le, and Doe failed to provide adequate medical care for Plaintiff's heart condition, high cholesterol, plantar fasciitis, gum disease, and dental infection, in violation of the Eighth Amendment.
>
> 3. Defendants Saaveda, Durant, and Pearson retaliated against Plaintiff in violation of the First Amendment for filing prisoner grievances, by placing him in danger of attack by other inmates, and by inducing inmates to attack Plaintiff in an effort to kill him in retaliation for Plaintiff filing grievances and lawsuits against the California Rehabilitation Center.
>
> 4. Defendant Raju deprived Plaintiff of adequate dental treatment in violation of the Eighth Amendment.
>
> 5. Defendant Demase denied Plaintiff access to the courts in violation of the First Amendment.
>
> 6. Defendant Scott violated Plaintiff's right to equal protection under the Fourteenth Amendment by preventing him from studying at a community college.

Dkt. 33. On September 10, 2013, the Court dismissed without leave to amend "Plaintiff's retaliation claims against all defendants, medical deliberate indifference claims against all defendants except Defendant Raju, access to the courts claim against Defendant Demase, and equal protection claim against Defendant Scott." Dkt. 44. In addition the Court ordered as follows:

> If Plaintiff wishes to pursue the remainder of this action in this court, he must file a third amended complaint within thirty days of the date this Order Accepting the Amended Report and Recommendation is filed. The amended complaint . . . must be a complete and independent document and must not refer to prior pleadings. Plaintiff is cautioned that failure to file a third amended complaint within the time specified by this Order may result in dismissal of the action with

prejudice on the grounds stated in the Amended Report and Recommendation of the United Magistrate Judge and/or for failure to prosecute.

Id. at 2.

On March 24, 2014, Plaintiff constructively filed the TAC alleging a single claim for deliberate indifference to Plaintiff's serious dental needs in violation of the Eighth Amendment against defendant Raju. Dkt. 56. On October 26, 2016, the Court granted defendant Raju's Motion for Summary Judgment and entered Judgment dismissing the action with prejudice. Dkts. 107, 108.

On November 28, 2016, Plaintiff filed a Notice of Appeal from the summary judgment and dismissal orders. Dkt. 109. On December 21, 2017, the Ninth Circuit issued a Memorandum affirming in part, vacating in part, and remanding for further proceedings as to the deliberate indifference to safety claim raised in Plaintiff's SAC because "the district court appear[ed] to have overlooked [Plaintiff's] deliberate indifference to safety claim" against defendants Pinedo, Durant, Saaveda, and Gray. Dkt. 112. On January 12, 2018, the formal mandate issued from the Ninth Circuit and the December 21, 2017 judgment took effect. Dkt. 113.

## II.
## DISCUSSION

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original.")). For claims dismissed with leave to amend, any claim not raised again in an amended complaint is waived. Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

Here, Plaintiff was expressly cautioned that the TAC "must be a complete and independent document and must not refer to prior pleadings." Dkt. 44 at 2. Plaintiff was granted leave to amend the SAC pursue any claims raised in the SAC that were not expressly dismissed without leave to amend. Id. at 2. The sole claim raised in the TAC was a claim for deliberate indifference against defendant Raju. See Dkt. 56. Therefore, it appears Plaintiff waived the deliberate indifference to safety claim against defendants Pinedo, Durant, Saaveda, and Gray, and such claim must now be dismissed with prejudice. See Lacey, 693 F. 3d at 928; Philips v. Ford Motor Co., No. 14-CV-02989-LHK, 2015 WL 4111448, at *6 (N.D. Cal. July 7, 2015) (holding claims dismissed with leave to amend were waived by failure to replead them in amended complaint and granting defendant's motion to dismiss such claims with prejudice).

///
///
///
///

# III.
# ORDER

Consequently, Plaintiff appears to have waived the deliberate indifference to safety claim against defendants Durant, Gray, Pinedo, and Saaveda. Accordingly, the Court **HEREBY ORDERS**:

Plaintiff **SHALL SHOW CAUSE** in writing **within twenty-one (21) days of the date of this order** why the action should not be dismissed with prejudice.

Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action be dismissed with prejudice for the reasons set forth above and/or for failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).