UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-6792-VAP (KK)** | Date: | September 18, 2018 |
|---|---|---|---|

Title: *Taek Yoon v. Lee, et al.*

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    (In Chambers) Order Extending Time for Service

### I.
### INTRODUCTION

On August 7, 2018, defendants Pinedo and Durant specially appeared and filed a Motion to Dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Motion to Dismiss").  ECF Docket No. ("Dkt.") 126.  Plaintiff did not file an opposition.  For the reasons set forth below, the Court (1) defers ruling on the Motion to Dismiss at this time; and (2) extends the time to serve defendants Pinedo and Durant.

### II.
### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 2013, Plaintiff constructively filed[1] a Second Amended Complaint ("SAC") pursuant to 28 U.S.C. § 1983, which includes a claim for deliberate indifference to safety against defendants Pinedo, Saavedra, Gray, and Durant in their individual capacity. Dkt. 33.  On May 20, 2013, the assigned Magistrate Judge[2] issued a Report and Recommendation recommending dismissal

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] On July 7, 2014, the action was transferred to the undersigned Magistrate Judge. Dkts. 61, 62.

of various claims, but finding Plaintiff sufficiently alleged a claim against Defendants Pinedo, Durant, Gray, and Saavedra for failure to protect Plaintiff's safety. Dkt. 38 at 7-9.

On March 28, 2014, Plaintiff filed a Third Amended Complaint ("TAC") alleging a single claim for deliberate indifference to Plaintiff's serious dental needs in violation of the Eighth Amendment against Defendant Raju. Dkt. 56. On October 26, 2016, the Court granted Defendant Raju's Motion for Summary Judgment and entered Judgment dismissing the action with prejudice. Dkts. 107, 108.

On November 28, 2016, Plaintiff appealed the Judgment to the Ninth Circuit. Dkt. 109.

On December 21, 2017, the Ninth Circuit found the District Court had failed to address the deliberate indifference to safety claim in the SAC, vacated the Judgment, and remanded for further proceedings as to the deliberate indifference to safety claim only. Dkt. 112.

On March 29, 2018, the Court issued Orders directing service of process by the United States Marshal Service ("USMS") of the SAC on defendants Pinedo, Saaveda, Gray, and Durant. Dkts. 118, 119. On April 23, 2018, Plaintiff submitted four completed USM-285 forms providing information to assist the USMS in serving defendants Pinedo, Saaveda, Gray, and Durant. Dkt. 121. For defendant Pinedo, Plaintiff stated, "On 2006, M. Pinedo was a correctional officer [c/o] of California Rehabilitation Center [CRC] Fac.3 dorm 305, morning through afternoon. Now I am unable to know whether Pinedo is until in CRC or move to other prison as a c/o. If Pinedo is not in CRC, I have no idea whether this paper need to be served to warden of CRC." Dkt. 122. For defendant Durant, Plaintiff stated: "Sgt. Durant was work as a supervisor in Fac.3 program office in CRC on 2006-2007 with other defendants on morning to afternoon." Dkt. 125.

On July 30, 2018, the Court received Process Receipt and Return Forms for defendants Pinedo and Durant from the USMS certifying that service was executed by personal service on July 17, 2018. Dkts. 122, 125.

On August 7, 2018, Defendants filed the instant Motion to Dismiss Case pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Dkt. 126. Plaintiff did not file an opposition. The matter thus stands submitted.

### III.
### DISCUSSION
### PLAINTIFF'S TIME PERIOD FOR SERVICE IS EXTENDED

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, Plaintiff reasonably believed he had sufficiently completed the USM-285 forms based on the Return Receipts filed by the USMS. However, Defendants filed a declaration from Kevin Anthony, the Litigation Coordinator at the California Department of Corrections and Rehabilitation, California Rehabilitation Center in Norco, California ("CRC") stating that defendant Pinedo "did not work at and had not worked at CRC since 2010" and defendant Durant "did not work at and had not worked at CRC since 2009." Dkt. 126 at 4, Declaration of Kevin Anthony, ¶¶ 1-2. Therefore, while Plaintiff has failed to serve defendants Pinedo and Durant, it appears he may be able to provide the USMS with additional information such that the USMS would be able to complete service on defendants Pinedo and Durant.

Accordingly, Plaintiff is granted leave to conduct limited discovery to effectuate service in accordance with the Federal Rules of Civil Procedure. Plaintiff may request issuance of appropriate subpoenas from the Court pursuant to Federal Rule of Civil Procedure 45, or may seek discovery as to the location of defendants Pinedo and Durant from any defendant after they are served with the Second Amended Complaint.

Plaintiff is cautioned that failure to provide sufficient information to allow the USMS to locate and serve defendants Pinedo and Durant may result in dismissal of Plaintiff's claims against defendants Pinedo and Durant without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and/or 41(b). See also Agnes v. Joseph, No. 1:10-CV-00807-LJO, 2012 WL 5424875, at *2 (E.D. Cal. Nov. 6, 2012), report and recommendation adopted, No. 1:10-CV-00807-LJO, 2012 WL 6095042 (E.D. Cal. Dec. 7, 2012) (dismissing unserved defendants after plaintiff failed to take advantage of opportunity to engage in discovery from served defendant to learn forwarding information for unserved defendants).

## IV.
## ORDER

If Plaintiff wishes to proceed with his claims against defendants Pinedo and Durant, **within thirty (30) days of the date of this Order** he must complete new USM-285 forms for each defendant providing the additional required information and file with the clerk of court a Notice of Submission indicating that the completed USM-285 forms have been provided to the clerk of court. **The Notice of Submission is attached to this Order. The Clerk is ordered to provide Plaintiff with two blank USM-285 forms.**

Alternatively, Plaintiff may request to voluntarily dismiss the action against defendants Pinedo and Durant without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form** for Plaintiff to use if he chooses to voluntarily dismiss the action.

Accordingly, Plaintiff's time period to serve defendants Pinedo and Durant is **extended by sixty (60) days** from the date of this Order and the Court will defer ruling on the Motion to Dismiss until that time.

**Plaintiff is expressly cautioned that failure to timely submit complete USM-285 forms will result in his claims against defendants Pinedo and Durant being dismissed without prejudice for failure to serve, prosecute, and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**