UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAEK YOON,<br>　　　　　Plaintiff,<br>　　　v.<br>LEE, ET AL.,<br>　　　　　Defendants. | Case No. CV 11-6792-VAP (KK)<br><br>FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Final Report and Recommendation is submitted to the Honorable Virginia A. Phillips, Chief United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**SUMMARY OF RECOMMENDATION**

On August 7, 2018, defendants Pinedo and Durant specially appeared and filed a Motion to Dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Motion to Dismiss"). ECF Docket No. ("Dkt.") 126. For the reasons set forth below, the Court recommends GRANTING the Motion to Dismiss and dismissing the claims against Pinedo and Durant without prejudice for failure to serve and failure to prosecute.

## II.

## **PROCEDURAL BACKGROUND**

On March 17, 2013, Plaintiff constructively filed[1] a Second Amended Complaint ("SAC") pursuant to 28 U.S.C. § 1983, which includes a claim for deliberate indifference to safety against defendants Pinedo, Saavedra, Gray, and Durant in their individual capacity. Dkt. 33. On May 20, 2013, the assigned Magistrate Judge[2] issued a Report and Recommendation recommending dismissal of various claims, but finding Plaintiff sufficiently alleged a claim against Defendants Pinedo, Durant, Gray, and Saavedra for failure to protect Plaintiff's safety. Dkt. 38 at 7-9.

On March 28, 2014, Plaintiff filed a Third Amended Complaint ("TAC") alleging a single claim for deliberate indifference to Plaintiff's serious dental needs in violation of the Eighth Amendment against Defendant Raju. Dkt. 56. On October 26, 2016, the Court granted Defendant Raju's Motion for Summary Judgment and entered Judgment dismissing the action with prejudice. Dkts. 107, 108.

On November 28, 2016, Plaintiff appealed the Judgment to the Ninth Circuit. Dkt. 109.

On December 21, 2017, the Ninth Circuit found the District Court had failed to address the deliberate indifference to safety claim in the SAC, vacated the Judgment, and remanded for further proceedings as to the deliberate indifference to safety claim only. Dkt. 112.

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] On July 7, 2014, the action was transferred to United States Magistrate Judge Kenly Kiya Kato. Dkts. 61, 62.

On March 29, 2018, the Court issued Orders directing service of process by the United States Marshal Service ("USMS") of the SAC on defendants Pinedo, Saaveda, Gray, and Durant. Dkts. 118, 119.

On April 23, 2018, Plaintiff submitted four completed USM-285 forms providing information to assist the USMS in serving defendants Pinedo, Saaveda, Gray, and Durant. Dkt. 121. For defendant Pinedo, Plaintiff stated, "On 2006, M. Pinedo was a correctional officer [c/o] of California Rehabilitation Center [CRC] Fac.3 dorm 305, morning through afternoon. Now I am unable to know whether Pinedo is until in CRC or move to other prison as a c/o. If Pinedo is not in CRC, I have no idea whether this paper need to be served to warden of CRC." Dkt. 122. For defendant Durant, Plaintiff stated: "Sgt. Durant was work as a supervisor in Fac.3 program office in CRC on 2006-2007 with other defendants on morning to afternoon." Dkt. 125.

On July 30, 2018, the Court received Process Receipt and Return Forms for defendants Pinedo and Durant from the USMS certifying that service was executed by personal service on July 17, 2018. Dkts. 122, 125.

On August 7, 2018, defendants Pinedo and Durant, specially appearing, filed the instant Motion to Dismiss Case pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Dkt. 126. Defendants filed a declaration from Kevin Anthony, the Litigation Coordinator at the California Department of Corrections and Rehabilitation, California Rehabilitation Center in Norco, California ("CRC") stating that defendant Pinedo "did not work at and had not worked at CRC since 2010" and defendant Durant "did not work at and had not worked at CRC since 2009." Dkt. 126 at 4, Declaration of Kevin Anthony, ¶¶ 1-2.

On September 5, 2018, Plaintiff filed an opposition that substantively addressed the Motion to Dismiss filed by defendants Saavedra and Gray, but did not substantively address the Motion to Dismiss filed by defendants Pinedo and Durant alleging insufficient service. Dkt. 128.

On September 18, 2018, the Court issued an Order granting Plaintiff leave to conduct limited discovery to effectuate service and an extension of time to submit completed USM-285 forms with sufficient information for the USMS to locate and serve defendants Pinedo and Durant. Dkt. 131. Plaintiff was expressly cautioned that "failure to provide sufficient information to allow the USMS to locate and serve defendants Pinedo and Durant may result in dismissal of Plaintiff's claims against defendants Pinedo and Durant without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and/or 41(b)." Id. at 3.

On October 16, 2018, Plaintiff filed a "Motion for Issuance of Subpoenas", which appears to be Plaintiff's response to the Court's September 18, 2018 Order. Dkt. 134. Plaintiff declines to serve discovery because he does not believe "any of the defendants can provide[] the information about Pinedo and Durant" and requests the Court "reserve the USM-285 FORMS which [are] attached at this motion, to the CRC Warden who can pass the 2 forms to the defendant Pineda and Durant, even [though] Pineda and Duran[t] are in other place[s] or other Prison(s) as a c/o." Id. at 2. The USM-285 forms that were submitted by Plaintiff were rejected by the Court because the forms are incomplete, in that the service address is missing and Plaintiff instead requested they be served on the CRC Warden "who can find" defendants Durant and Pinedo. Dkt. 135.

On November 7, 2018, the Court issued a Report and Recommendation that the Motion to Dismiss should be granted and the claims against Pinedo and Durant should be dismissed without prejudice for failure to serve and failure to prosecute. Dkt. 137.

On December 19, 2018, Plaintiff filed Objections, Dkt. 145. In the Objections, Plaintiff argues he that he filed an Opposition to the Motion to Dismiss on September 5, 2018. Dkt. 145. The Court issues the instant Final Report and Recommendation addressing Plaintiff's Objection in Section III.A. below.

The matter thus stands submitted.

# III.

# DISCUSSION

## A. PLAINTIFF'S CLAIMS AGAINST DEFENDANTS PINEDO AND DURANT ARE SUBJECT TO DISMISSAL FOR FAILURE TO SERVE

In cases involving a plaintiff proceeding in forma pauperis, the USMS, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). However, where a pro se plaintiff fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994); Agnes v. Joseph, No. 1:10-CV-00807-LJO, 2012 WL 5424875, at *2 (E.D. Cal. Nov. 6, 2012), report and recommendation adopted, No. 1:10-CV-00807-LJO, 2012 WL 6095042 (E.D. Cal. Dec. 7, 2012) (dismissing unserved defendants after plaintiff failed to take advantage of opportunity to engage in discovery from served defendant to learn forwarding information for unserved defendants).

Here, according to the declaration of Kevin Anthony, the CRC Litigation Coordinator, defendants Pinedo and Durant have not been served. Moreover, despite being given an opportunity to conduct discovery and an extension of time to locate and properly serve defendants Pinedo and Durant, Plaintiff has refused to do so. Therefore, the USMS does not have sufficient information to serve defendants Pinedo and Durant. In addition, Plaintiff's "Motion for Issuance of Subpoenas" must be denied because it fails to seek issuance of subpoenas, but rather seeks service of the complaint based on incomplete USM-285 forms. Finally, Plaintiff's failure to substantively oppose the Motion to Dismiss is construed as consent to granting the Motion to Dismiss. Gerard v. Wells Fargo Bank, N.A., No. CV-14-03935-MMM-SHx, 2015 WL 12780486, at *10 (C.D. Cal. May 19, 2015) (finding failure to

substantively address claims in opposition to motion to dismiss is properly construed as consent to granting the motion).

Hence, the Motion to Dismiss the claims against defendants Pinedo and Durant should be granted.

**B.      PLAINTIFF'S CLAIMS AGAINST DEFENDANTS PINEDO AND DURANT ARE SUBJECT TO DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

In addition, it is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (standard applied in dismissal for failure to prosecute); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (dismissal for failure to comply with any court order).

In deciding whether to dismiss for failure to prosecute or to comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (9th Cir. 1992) (failure to comply with court orders).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Despite being given an opportunity to conduct discovery, Plaintiff has

6

expressly refused to provide information necessary for the USMS to serve defendants Pinedo and Durant. This failure to prosecute hinders the Court's ability to move this case toward disposition, and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an action. See Eisen, 31 F.3d at 1452-53. Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been (1) instructed on his responsibilities, (2) granted sufficient time in which to discharge them, and (3) warned of the consequences of failure to do so. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown he is either unwilling or unable to comply with court orders, rules of civil procedure, and local rules by filing responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless a plaintiff has been notified that dismissal is imminent, see West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), Plaintiff was warned his "failure to provide sufficient information to allow the USMS to locate and serve defendants Pinedo and

Durant may result in dismissal of Plaintiff's claims against defendants Pinedo and Durant without prejudice." See Dkt. 131.

Hence, the Court recommends dismissing the action against defendants Pinedo and Durant without prejudice for failure to prosecute and comply with court orders.

## IV.
## **RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that the Court issue an Order: (1) accepting this Final Report and Recommendation; (2) GRANTING the Motion to Dismiss; (3) dismissing the claims in the SAC against defendants Pinedo and Durant without prejudice; and (4) DENYING Plaintiff's Motion for Issuance of Subpoenas.

Dated: January 8, 2019

/s/ Kenly Kato
HONORABLE KENLY KIYA KATO
United States Magistrate Judge