UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-6792-VAP (KK)** | Date: | June 3, 2020 |
| Title: | *Taek Yoon v. Lee, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why this Action Should Not Be Dismissed for Failure to Prosecute and Comply with Court Orders

On March 13, 2020, Defendants Gray and Saavedra ("Defendants") filed a Motion for Sanctions requesting the sanction of dismissal for Plaintiff's failure to comply with a Court order to appear for deposition, or in the alternative, an order compelling Plaintiff to appear for deposition and pay monetary sanctions ("Motion"). ECF Docket No. ("Dkt.") 172. Plaintiff Taek Yoon ("Plaintiff") filed a late response arguing it is difficult for him to contact Defendants' counsel, but failed to propose solutions for providing Defendants with the discovery they are entitled to in order to defend themselves in this action. Dkt. 181. Before ruling on the Motion, the Court will give Plaintiff a final opportunity to show cause why this action should not be dismissed for failure to prosecute and comply with court orders.

I.
**BACKGROUND**

On March 17, 2013, Plaintiff Taek Yoon ("Plaintiff") constructively filed[1] a Second Amended Complaint ("SAC") pursuant to 28 U.S.C. § 1983. Dkt. 33. The sole remaining claim in the action alleges Defendants were deliberately indifferent to Plaintiff's safety from imminent attack by other inmates resulting in Plaintiff being attacked on October 19, 2007. Dkt. 33.

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

On November 26, 2018, Defendants filed an Answer. Dkt. 142.

On November 27, 2018, the Court issued a Case Management and Scheduling Order ("CMO") setting a discovery cut-off of June 28, 2019 and a substantive motion cut-off of July 29, 2019. Dkt. 143.

### A. FIRST MOTION FOR SANCTIONS

On June 6, 2019, Defendants served a notice of deposition on Plaintiff for his deposition to occur on June 21, 2019 at Defendants' counsel's office in Los Angeles, California. Dkt. 153-1, Declaration of Kenneth G. Lake in support of first motion for sanctions ("Lake 1st Decl."), ¶ 2, Ex. A.

On June 21, 2019, Plaintiff failed to appear for his deposition. Id., ¶ 4.

On July 3, 2019, Defendants filed a motion for sanctions requesting the sanction of dismissal for Plaintiff's failure to appear for deposition, or in the alternative, an order compelling Plaintiff to appear for deposition and pay monetary sanctions. Dkt. 153.

On July 24, 2019, the Court granted Defendants' ex parte application to continue the substantive motion cut-off to October 28, 2019. Dkt. 156.

On August 21, 2019, the Court issued an Order denying without prejudice Defendants' request for sanctions and granting Defendants' request for an order compelling Plaintiff to appear for deposition. Dkt. 159. The Court further ordered: "Within five (5) days of the date of this Order, Defendants shall serve a notice of deposition on Plaintiff for the deposition to occur within thirty (30) days of the date of this Order. Plaintiff shall appear for his deposition on the date set forth on the notice of deposition." Id. at 5.

### B. SECOND MOTION FOR SANCTIONS

On August 22, 2019, Defendants served a notice of deposition on Plaintiff for his deposition to occur on September 11, 2019 at 11:00 a.m. at Defendants' counsel's office in Los Angeles, California. Dkt. 160-1, Declaration of Kenneth G. Lake in support of section motion for sanctions ("Lake 2nd Decl."), ¶¶ 3-4, Ex. A. The notice of deposition was received by Plaintiff on August 27, 2019. Id., ¶ 3.

On September 11, 2019, Plaintiff failed to appear for his deposition. Id., ¶ 5. On September 11, 2019, Defendants' counsel sent Plaintiff a letter requesting Plaintiff contact Defendants' counsel by telephone to meet and confer regarding his failure to comply with the Court order to appear for his deposition. Id., ¶ 6.

On September 17, 2019, Plaintiff emailed Defendants' counsel explaining that until he received the correspondence from September 11, 2019, he had not understood whether he was required to visit Defendants' counsel's office by "taking air plane with a passport" or whether Defendants' counsel would call him because he did not understand what a deposition required. Id., ¶ 7; dkt. 166 at 3-5, Supplemental Declaration of Kenneth G. Lake ("Lake 2nd Suppl. Decl."), ¶ 2, Ex. D. On September 19, 2019, Defendants' counsel responded via email to Plaintiff's email and

requested Plaintiff call Defendants' counsel on September 20, 2019 at 8:00 a.m. PST.  Lake 2nd Decl., ¶ 7.  Defendants' counsel did not receive a phone call from Plaintiff on September 20, 2019.  Id.

On September 22, 2019, Plaintiff emailed Defendants' counsel requesting another date and time for Plaintiff to call Defendants' counsel.  Id., ¶ 8.  On October 18, 2019, Defendants' counsel responded to Plaintiff's email and requested Plaintiff call Defendants' counsel on October 21, 2019 at 9:00 a.m. PST.  Id., ¶ 9; Lake 2nd Suppl. Decl., Ex. D.  Defendants' counsel did not receive a phone call from Plaintiff on October 21, 2019.  Id.

On October 29, 2019, Defendants filed a second motion requesting the sanction of dismissal for Plaintiff's failure to comply with a Court order to appear for deposition, or in the alternative, an order compelling Plaintiff to appear for deposition and pay monetary sanctions.  Dkt. 160.  In Plaintiff's Opposition to the second motion for sanctions, he stated it was still not clear to him whether he is supposed to contact Defendants' counsel by phone or "actually visit" the United States (and whether he has the U.S. Attorney General's permission to do so).  Dkt. 165.

On October 31, 2019, the Court granted Defendants' ex parte application to continue the substantive motion cut-off to January 10, 2020.  Dkt. 164.

On January 10, 2020, the Court granted Defendants' ex parte application to continue the substantive motion cut-off to March 13, 2020.  Dkt. 168.

On January 14, 2020, the Court issued an Order granting in part and denying in part Defendants' second motion for sanctions.  Dkt. 169.  The Court declined to issue terminating sanctions, but granted Defendants' request to compel Plaintiff's deposition and awarded Defendants their reasonable expenses caused by Plaintiff's failure to appear for his September 11, 2019 deposition.  Id.

**C.     THIRD MOTION FOR SANCTIONS**

On January 16, 2020, Defendants' counsel emailed Plaintiff a copy of the January 14, 2020 Order and a notice of deposition for Plaintiff to appear at Defendants' counsel's office in Los Angeles, California on February 3, 2020, which was served the same day.  Dkt. 172-1, Declaration of Kenneth G. Lake in support of third motion for sanctions ("Lake 3rd Decl."), ¶ 2, Exs. A, B.  Plaintiff did not respond to Defendants' counsel's email.  Id., ¶ 2.

On February 3, 2020, Plaintiff failed to appear for his deposition.[2]  Id., ¶ 3, Ex. C.

On February 7, 2020, Defendants' counsel sent Plaintiff an email advising him that he had failed to comply with the Court's January 14, 2020 Order and requesting Plaintiff call him to meet and confer.  Id., ¶ 4, Ex. D.

---

[2] Plaintiff alleges he called Defendants' counsel several times on February 3, 2020, but "no counsel or any person had received [Plaintiff's] call."  Dkt. 181.  The Court, however, notes Plaintiff's statement is not signed and certified as true under penalty of perjury pursuant to 28 U.S.C. § 1746.

On February 11, 2020, Plaintiff sent Defendants' counsel an email stating he had called Defendants' counsel and left a message at the time of the deposition on February 3, 2020.  Id., ¶ 4.

On March 13, 2020, the Court granted Defendants' ex parte application to continue the substantive motion cut-off to May 15, 2020.  Dkt. 174.

On March 13, 2020, Defendants filed the instant third Motion seeking terminating sanctions, and alternatively evidentiary and monetary sanctions.  Dkt. 172.

On May 8, 2020, Plaintiff filed an Opposition noting "the post office did not accept this mail from April 1, 2020 . . . saying no airplane to the U.S.A. [due to] coronavirus."  Dkt. 181.

On May 12, 2020, the Court granted Defendants' ex parte application to continue the substantive motion cut-off to July 17, 2020.  Dkt. 180.

On May 21, 2020, Defendants filed a Reply.[3]  Dkt. 183.

## II.
## DISCUSSION

### A.   APPLICABLE LAW

Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure authorizes the sanction of dismissal against parties who disobey a court's discovery orders.  See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976); Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981).  To justify the imposition of case-dispositive sanctions, the Court must find that the discovery violations were due to "willfulness, bad faith, or fault of the party." Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc., 67 F.3d 766, 770-71 (9th Cir. 1995), cert. denied, 519 U.S. 815, 117 S. Ct. 64, 136 L. Ed. 2d 26 (1996); see also Societe Internationale v. Rogers, 357 U.S. 197, 212, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958).  Disobedient conduct not outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault.  Henry v. Gill Indus, Inc., 983 F.2d 943, 948-49 (9th Cir. 1993); see also Fair Hous. of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002).  In evaluating the propriety of sanctions, the Court considers "all incidents of a party's misconduct."  Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1411 (9th Cir. 1990), cert. denied, 498 U.S. 1109, 111 S. Ct. 1019, 112 L. Ed. 2d 1100 (1991).

In addition, "[t]his Court has the inherent power to dismiss a case, with prejudice, for lack of prosecution."  Attebery v. Uhl, No. 2:10-CV-01341-MCE, 2012 WL 3150273, at *1 (E.D. Cal. Aug. 1, 2012) (citing Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)); see Fed. R. Civ. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (noting district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders, stating standard applied in dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

---

[3] Defendants also alleged Plaintiff had failed to pay the monetary sanctions awarded on January 14, 2020.  The Court, however, notes Defendants' statement is not signed and certified as true under penalty of perjury pursuant to 28 U.S.C. § 1746.

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)); see also Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (applying factors where party failed to comply with discovery orders). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

**B.   ANALYSIS**

The first two factors -- public interest in expeditious resolution of litigation and the court's need to manage its docket -- weigh in favor of dismissing the SAC. Plaintiff has failed to diligently prosecute this action based on his apparent inability or unwillingness to contact Defendants' counsel to meaningfully meet and confer regarding Plaintiff's repeated failure to appear for deposition. In addition, this Court has now issued two orders directing Plaintiff to appear for deposition, yet Plaintiff has failed to do so. In fact, over nine months have passed since the Court first ordered Plaintiff to appear for his deposition. This repeated failure to participate and failure to abide by Court orders prevents the expeditious resolution of litigation and impedes the Court's need to manage its docket.

The third factor -- prejudice to Defendants -- also weighs in favor of dismissing the SAC. The discovery cut-off was June 28, 2019 and the Court has continued the substantive motion cut-off five times. Dkts. 143, 156, 164, 168, 174, 180. Defendants first noticed Plaintiff's deposition for June 21, 2019 – almost one year ago. Lake 1st Decl., ¶ 2, Ex. A. Despite two court orders requiring Plaintiff to appear for his deposition, Plaintiff has still not appeared for a deposition, filed a motion for protective order, or meaningfully met and conferred with Defendants' counsel regarding providing Defendants with the discovery they are entitled to in order to defend themselves in this action. See Dkts. 159, 169; Lake 2nd Decl., ¶5; Lake 3rd Decl., ¶ 3, Ex. C. Plaintiff's failure to meet and confer regarding his deposition has deprived Defendants "of any meaningful opportunity to follow up on [] time-sensitive information or to incorporate it into litigation strategy." Fair Hous. of Marin, 285 F.3d at 906. Under these circumstances, Plaintiff's refusal to comply with his discovery obligations prejudices Defendants' ability to defend themselves and adequately prepare for trial. See Adriana Int'l Corp., 913 F.2d at 1412 ("[R]epeated failure of [plaintiffs] to appear at scheduled depositions compounded by their continuing refusal to comply with court-ordered production of documents constitutes an interference with the rightful decision of the case."); Reddy v. Gilbert Med. Transcription Serv., Inc., No. CV 10-0524-JFW (DTB), 2011 WL 13176583, at *6 (C.D. Cal. Feb. 4, 2011), aff'd, 467 F. App'x 622 (9th Cir. 2012) (dismissing case, finding "plaintiff's 'repeated failure to provide [discovery] in a timely fashion [has] prejudiced the ability of [the defendants] to prepare their case for trial'").

The fourth factor -- resolution of cases on their merits -- always weighs against dismissal. See Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011). Under the circumstances of this case, however, the policy favoring resolution on the merits may not outweigh Plaintiff's repeated failure to comply with his discovery obligations and court orders. Id.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissing the SAC. The record demonstrates Plaintiff has been given numerous opportunities to comply with his discovery obligations. In addition, the lesser sanction previously imposed by this Court on January 14, 2020 – payment of Defendants' reasonable expenses caused by Plaintiff's failure to appear for his deposition and incurred in having to bring a second motion to compel – appears to have been ignored.

Finally, Plaintiff's repeated failure to proactively reach out to Defendants' counsel or file a motion for protective order before failing to appear at his Court ordered depositions demonstrates a willful disregard for discovery rules and court orders. See Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) ("A party's lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey court orders and in weighing the other factors regarding dismissal, but pro se status does not excuse intentional noncompliance with discovery rules and court orders.").

Nevertheless, in light of the current global pandemic involving the Coronavirus Disease 2019 ("COVID-19"), it appears somewhat unreasonable for Defendants to continue to insist on Plaintiff traveling to Los Angeles to appear for a deposition, particularly in light of other possible alternatives to an "in-person" deposition such as a remote deposition by videoconference. Due to the difficulty Plaintiff appears to have encountered calling Defendants' counsel by telephone, however, it is unclear whether any alternative means of deposition might be feasible for Plaintiff. Plaintiff shall, therefore, respond to this Order as directed below.

### III.
### ORDER TO SHOW CAUSE

The Court, therefore, **ORDERS** Plaintiff to respond **no later than June 23, 2020** by electing one of the following options:

1. File a written response explaining why this action should not be dismissed for failure to prosecute and comply with Court orders. Plaintiff shall include in his response **five dates between July 1, 2020 and July 14, 2020** where he is available to participate in a remote deposition by videoconference. If Plaintiff is unable to participate in a remote deposition by videoconference, he shall set forth a concrete, alternate plan to provide Defendants with the discovery to which they are entitled, taking into consideration the Court's need to manage its docket and move this case, which has been pending for almost a decade, towards resolution.

Further, **no later than June 23, 2020**, Plaintiff shall email defense counsel a copy of his written response with the five dates for a video conference and/or an alternate plan at the following email address: Kenneth.Lake@doj.ca.gov.

2. Alternatively, Plaintiff may voluntarily dismiss this action without prejudice. Plaintiff may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached a Notice of Dismissal form**.

**Plaintiff is expressly cautioned that if he fails to respond to the Court and email Defendants' counsel by June 23, 2020, the Court will dismiss this action without prejudice for failure to prosecute and comply with court orders.** See Fed. R. Civ. P. 41(b).