UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAEK YOON, | Case No. CV 11-6792-VAP (KK) |
| Plaintiff, | |
| v. | FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| LEE, ET AL., | |
| Defendant(s). | |

This Final Report and Recommendation is submitted to the Honorable Virginia A. Phillips, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.
## SUMMARY OF RECOMMENDATION

On March 13, 2020, Defendants Gray and Saavedra ("Defendants") filed a Motion for Sanctions seeking dismissal for Plaintiff's failure to comply with Court orders to appear for his deposition ("Motion"). ECF Docket No. ("Dkt.") 172. On June 3, 2020, the Court issued an Order to Show Cause Why this Action Should Not Be Dismissed for Failure to Prosecute and Comply with Court Orders ("OSC"). Dkt.

184.  For the reasons discussed below, the Court recommends GRANTING Defendants' Motion and DISMISSING the action with prejudice.

## II.

## BACKGROUND

On March 17, 2013, Plaintiff Taek Yoon ("Plaintiff") constructively filed[1] a Second Amended Complaint ("SAC") pursuant to 28 U.S.C. § 1983.  Dkt. 33.  In the sole remaining claim, Plaintiff alleges Defendants were deliberately indifferent to Plaintiff's safety from imminent attack by other inmates resulting in Plaintiff being attacked on October 19, 2007.  Id.

On November 26, 2018, Defendants filed an Answer.[2]  Dkt. 142.

On November 27, 2018, the Court issued a Case Management and Scheduling Order ("CMO") setting a discovery cut-off of June 28, 2019 and a substantive motion cut-off of July 29, 2019.  Dkt. 143.

## A.    FIRST MOTION FOR SANCTIONS

On June 6, 2019, Defendants served a notice of deposition on Plaintiff for his deposition to occur on June 21, 2019 at Defendants' counsel's office in Los Angeles, California.  Dkt. 153-1, Declaration of Kenneth G. Lake in support of first motion for sanctions ("Lake 1st Decl."), ¶ 2, Ex. A.

On June 21, 2019, Plaintiff failed to appear for his deposition.  Id., ¶ 4.

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").  At the time Plaintiff filed the SAC he was still in custody and, therefore, entitled to the mailbox rule.  On April 8, 2013, however, Plaintiff filed a notice that as of March 22, 2013 he no longer resided at a federal immigration detention center but at an address in South Korea.  Dkt. 36.

[2] On December 21, 2017, the Ninth Circuit affirmed the dismissal of the claims in Plaintiff's Third Amended Complaint, but found the District Court had failed to address the deliberate indifference to safety claim in the SAC, vacated the Judgment, and remanded for further proceedings as to the deliberate indifference to safety claim only.  Dkt. 112.

On July 3, 2019, Defendants filed a motion for sanctions requesting the sanction of dismissal for Plaintiff's failure to appear for deposition, or in the alternative, an order compelling Plaintiff to appear for deposition and pay monetary sanctions.  Dkt. 153.

On July 24, 2019, the Court granted Defendants' ex parte application to continue the substantive motion cut-off to October 28, 2019.  Dkt. 156.

On August 21, 2019, the Court issued an Order denying without prejudice Defendants' request for sanctions and granting Defendants' request for an order compelling Plaintiff to appear for deposition.  Dkt. 159.  The Court further ordered: "Within five (5) days of the date of this Order, Defendants shall serve a notice of deposition on Plaintiff for the deposition to occur within thirty (30) days of the date of this Order.  Plaintiff shall appear for his deposition on the date set forth on the notice of deposition."  Id. at 5.

**B.     SECOND MOTION FOR SANCTIONS**

On August 22, 2019, Defendants served a notice of deposition on Plaintiff for his deposition to occur on September 11, 2019 at 11:00 a.m. at Defendants' counsel's office in Los Angeles, California.  Dkt. 160-1, Declaration of Kenneth G. Lake in support of section motion for sanctions ("Lake 2nd Decl."), ¶¶ 3-4, Ex. A.  The notice of deposition was received by Plaintiff on August 27, 2019.  Id., ¶ 3.

On September 11, 2019, Plaintiff failed to appear for his deposition.  Id., ¶ 5. On September 11, 2019, Defendants' counsel sent Plaintiff a letter requesting Plaintiff contact Defendants' counsel by telephone to meet and confer regarding his failure to comply with the Court order to appear for his deposition.  Id., ¶ 6.

On September 17, 2019, Plaintiff emailed Defendants' counsel explaining that until he received the correspondence from September 11, 2019, he had not understood whether he was required to visit Defendants' counsel's office by "taking air plane with a passport" or whether Defendants' counsel would call him because he did not understand what a deposition required.  Id., ¶ 7; dkt. 166 at 3-5, Supplemental

Declaration of Kenneth G. Lake ("Lake 2nd Suppl. Decl."), ¶ 2, Ex. D.  On September 19, 2019, Defendants' counsel responded via email to Plaintiff's email and requested Plaintiff call Defendants' counsel on September 20, 2019 at 8:00 a.m. PST.  Lake 2nd Decl., ¶ 7.  Defendants' counsel did not receive a phone call from Plaintiff on September 20, 2019.  Id.

On September 22, 2019, Plaintiff emailed Defendants' counsel requesting another date and time for Plaintiff to call Defendants' counsel.  Id., ¶ 8.  On October 18, 2019, Defendants' counsel responded to Plaintiff's email and requested Plaintiff call Defendants' counsel on October 21, 2019 at 9:00 a.m. PST.  Id., ¶ 9; Lake 2nd Suppl. Decl., Ex. D.  Defendants' counsel did not receive a phone call from Plaintiff on October 21, 2019.  Id.

On October 29, 2019, Defendants filed a second motion requesting the sanction of dismissal for Plaintiff's failure to comply with a Court order to appear for deposition, or in the alternative, an order compelling Plaintiff to appear for deposition and pay monetary sanctions.  Dkt. 160.  In Plaintiff's Opposition to the second motion for sanctions, he stated it was still not clear to him whether he is supposed to contact Defendants' counsel by phone or "actually visit" the United States (and whether he has the U.S. Attorney General's permission to do so).  Dkt. 165.

On October 31, 2019, the Court granted Defendants' ex parte application to continue the substantive motion cut-off to January 10, 2020.  Dkt. 164.

On January 10, 2020, the Court granted Defendants' ex parte application to continue the substantive motion cut-off to March 13, 2020.  Dkt. 168.

On January 14, 2020, the Court issued an Order granting in part and denying in part Defendants' second motion for sanctions.  Dkt. 169.  The Court declined to issue terminating sanctions, but granted Defendants' request to compel Plaintiff's deposition and awarded Defendants their reasonable expenses caused by Plaintiff's failure to appear for his September 11, 2019 deposition.  Id.

///

**C.   THIRD MOTION FOR SANCTIONS**

On January 16, 2020, Defendants' counsel emailed Plaintiff a copy of the January 14, 2020 Order and a notice of deposition for Plaintiff to appear at Defendants' counsel's office in Los Angeles, California on February 3, 2020, which was served the same day.  Dkt. 172-1, Declaration of Kenneth G. Lake in support of third motion for sanctions ("Lake 3rd Decl."), ¶ 2, Exs. A, B.  Plaintiff did not respond to Defendants' counsel's email.  Id., ¶ 2.

On February 3, 2020, Plaintiff failed to appear for his deposition.[3]  Id., ¶ 3, Ex. C.

On February 7, 2020, Defendants' counsel sent Plaintiff an email advising him that he had failed to comply with the Court's January 14, 2020 Order and requesting Plaintiff call him to meet and confer.  Id., ¶ 4, Ex. D.

On February 11, 2020, Plaintiff sent Defendants' counsel an email stating he had called Defendants' counsel and left a message at the time of the deposition on February 3, 2020.  Id., ¶ 4.

On March 13, 2020, the Court granted Defendants' ex parte application to continue the substantive motion cut-off to May 15, 2020.  Dkt. 174.

On March 13, 2020, Defendants filed the instant third Motion seeking terminating sanctions, and alternatively evidentiary and monetary sanctions.  Dkt. 172.

On May 8, 2020, Plaintiff filed an Opposition noting "the post office did not accept this mail from April 1, 2020 . . . saying no airplane to the U.S.A. [due to] coronavirus."  Dkt. 181.

On May 12, 2020, the Court granted Defendants' ex parte application to continue the substantive motion cut-off to July 17, 2020.  Dkt. 180.

---

[3] Plaintiff alleges he called Defendants' counsel several times on February 3, 2020, but "no counsel or any person had received [Plaintiff's] call."  Dkt. 181.  The Court, however, notes Plaintiff's statement is not signed and certified as true under penalty of perjury pursuant to 28 U.S.C. § 1746.

1    On May 21, 2020, Defendants filed a Reply.[4]  Dkt. 183.

2  **D.    ORDER TO SHOW CAUSE**

3    On June 3, 2020, the Court issued an OSC finding the action appeared subject

4  to dismissal for Plaintiff's failure to prosecute and comply with court orders.  Dkt.

5  184.  Nevertheless, the Court noted, "in light of the current global pandemic

6  involving the Coronavirus Disease 2019 ('COVID-19'), it appears somewhat

7  unreasonable for Defendants to continue to insist on Plaintiff traveling to Los

8  Angeles to appear for a deposition, particularly in light of other possible alternatives

9  to an 'in-person' deposition such as a remote deposition by videoconference."  Id. at

10  6.  The Court, therefore, ordered Plaintiff to respond to the OSC no later than June

11  23, 2020 by filing a response (1) explaining why this action should not be dismissed

12  for failure to prosecute and comply with Court orders, and (2) providing five dates

13  between July 1, 2020 and July 14, 2020 when he is available to participate in a remote

14  deposition by videoconference, or setting forth a concrete, alternate plan to provide

15  Defendants with the discovery to which they are entitled, taking into consideration

16  the Court's need to manage its docket and move this case, which has been pending

17  for almost a decade, towards resolution.  Id.  In addition, Plaintiff was specifically

18  ordered to "email defense counsel a copy of his written response with the five dates

19  for a video conference and/or an alternate plan" at Defendants' counsel's email

20  address of record "**no later than June 23, 2020**".  Id. at 6 (emphasis in original).

21    Plaintiff did not request an extension of time to respond to the OSC, and the

22  Court did not receive a response to the OSC by the deadline set.

23    On July 14, 2020, the Court issued the original Report and Recommendation

24  recommending Defendants' Motion should be granted and the action dismissed with

25  prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule

26

27  ───────────────
    [4] Defendants also allege Plaintiff has failed to pay the monetary sanctions awarded on
28  January 14, 2020.  Dkt. 183.  The Court, however, notes Defendants' statement is not
    signed and certified as true under penalty of perjury pursuant to 28 U.S.C. § 1746.

6

of Civil Procedure 41(b).  Dkt. 186.  The parties were concurrently notified that any objections to the original Report and Recommendation were due by August 14, 2020. Dkt. 185.

On July 20, 2020, the Court received Plaintiff's Response to the OSC, which was mailed from South Korea on June 21, 2020.  Dkt. 187.  Plaintiff alleges he has no intention to disobey court orders, argues the case should not be dismissed "because of the public interest" and "because he desires to get a pardon in his case BA141348 and KA044269", and provides five dates between July 2 and July 13, 2020 when he would be available for "video proceeding" (but states he "desires to go to [defense] counsel's office by an air plane").  Id.

The matter thus stands submitted.

## III.

## DISCUSSION

### A.    APPLICABLE LAW

Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure authorizes the sanction of dismissal against parties who disobey a court's discovery orders.  See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976); Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981).  To justify the imposition of case-dispositive sanctions, the Court must find that the discovery violations were due to "willfulness, bad faith, or fault of the party."  Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc., 67 F.3d 766, 770-71 (9th Cir. 1995), cert. denied, 519 U.S. 815, 117 S. Ct. 64, 136 L. Ed. 2d 26 (1996); see also Societe Internationale v. Rogers, 357 U.S. 197, 212, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958).  Disobedient conduct not outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault.  Henry v. Gill Indus., Inc., 983 F.2d 943, 948-49 (9th Cir. 1993); see also Fair Hous. of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002).  In evaluating the propriety of sanctions, the Court considers "all incidents of a party's misconduct."  Adriana Int'l Corp. v. Thoeren, 913 F.2d

1   1406, 1411 (9th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1109, 111 S. Ct. 1019, 112 L. Ed. 2d

2   1100 (1991).

3        In addition, "[t]his Court has the inherent power to dismiss a case, with

4   prejudice, for lack of prosecution." <u>Attebery v. Uhl</u>, No. 2:10-CV-01341-MCE, 2012

5   WL 3150273, at *1 (E.D. Cal. Aug. 1, 2012) (citing <u>Link v. Wabash Railroad Co.</u>, 370

6   U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)); <u>see</u> Fed. R. Civ. P. 41(b);

7   <u>Omstead v. Dell, Inc.</u>, 594 F.3d 1081, 1084 (9th Cir. 2010) (noting district courts have

8   <u>sua sponte</u> authority to dismiss actions for failure to prosecute or to comply with

9   court orders, stating standard applied in dismissal for failure to prosecute); <u>Ferdik v.</u>

10  <u>Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to

11  comply with court orders).

12       In deciding whether to dismiss for failure to prosecute or comply with court

13  orders, a district court must consider five factors: "(1) the public's interest in

14  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

15  risk of prejudice to the defendants; (4) the public policy favoring disposition of cases

16  on their merits; and (5) the availability of less drastic sanctions." <u>Omstead</u>, 594 F.3d

17  at 1084 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)); <u>see also</u>

18  <u>Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills</u>, 482 F.3d 1091, 1096 (9th

19  Cir. 2007) (applying factors where party failed to comply with discovery orders). "The

20  first two of these factors favor the imposition of sanctions in most cases, while the

21  fourth cuts against a default or dismissal sanction. Thus, the key factors are prejudice

22  and availability of lesser sanctions." <u>Wanderer v. Johnston</u>, 910 F.2d 652, 656 (9th

23  Cir. 1990).

24  **B.    ANALYSIS**

25       Here, the factors weigh strongly in favor of granting Defendants' Motion.

26       The first two factors -- public interest in expeditious resolution of litigation and

27  the court's need to manage its docket -- weigh in favor of dismissing the SAC.

28  Plaintiff has failed to diligently prosecute this action based on his apparent inability or

1    unwillingness to contact Defendants' counsel to meaningfully meet and confer

2    regarding Plaintiff's repeated failure to appear for deposition.  In addition, Plaintiff

3    has failed to comply with *two* Court orders directing Plaintiff to appear for deposition.

4    Despite Plaintiff's noncompliance, the Court provided Plaintiff a final opportunity to

5    propose dates for a remote deposition (or an alternate plan to provide Defendants

6    with the discovery to which they are entitled).  Plaintiff, however, failed to timely

7    advise Defendants' counsel of his availability for a remote deposition[5] and his

8    proposed "alternate plan" is to appear in person.  See dkt. 187.  Finally, over one year

9    has passed since the Court first ordered Plaintiff to appear for his deposition.  This

10   repeated failure to participate and failure to abide by Court orders prevents the

11   expeditious resolution of litigation and impedes the Court's need to manage its

12   docket.

13          The third factor -- prejudice to Defendants -- also weighs in favor of dismissing

14   the SAC.  The discovery cut-off was June 28, 2019 and the Court has continued the

15   substantive motion cut-off five times.  Dkts. 143, 156, 164, 168, 174, 180.

16   Defendants first noticed Plaintiff's deposition for June 21, 2019 – over one year ago.

17   Lake 1st Decl., ¶ 2, Ex. A.  Plaintiff's failure to appear for his deposition, or properly

18   meet and confer regarding his deposition, has deprived Defendants "of any

19   meaningful opportunity to follow up on [] time-sensitive information or to

20   incorporate it into litigation strategy."  Fair Hous. of Marin, 285 F.3d at 906.  Under

21   these circumstances, Plaintiff's refusal to comply with his discovery obligations

22   prejudices Defendants' ability to defend themselves and adequately prepare for trial.

23   See Adriana Int'l Corp., 913 F.2d at 1412 ("[R]epeated failure of [plaintiffs] to appear

24   at scheduled depositions compounded by their continuing refusal to comply with

25

26   _____

     [5] Plaintiff alleges he "also will send th[ese] facts [regarding his availability] to the
27   [defense] counsel through the email of counsel."  Dkt. 187 at 3.  The Court, however,
     notes Plaintiff's statement is not signed and certified as true under penalty of perjury
28   pursuant to 28 U.S.C. § 1746 and does not state when (or whether) such email was
     sent to defense counsel.

court-ordered production of documents constitutes an interference with the rightful decision of the case."); Reddy v. Gilbert Med. Transcription Serv., Inc., No. CV 10-0524-JFW (DTB), 2011 WL 13176583, at *6 (C.D. Cal. Feb. 4, 2011), aff'd, 467 F. App'x 622 (9th Cir. 2012) (dismissing case, finding "plaintiff's 'repeated failure to provide [discovery] in a timely fashion [has] prejudiced the ability of [the defendants] to prepare their case for trial'").

The fourth factor -- resolution of cases on their merits -- always weighs against dismissal.  See Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011).  Under the circumstances of this case, however, the policy favoring resolution on the merits does not outweigh Plaintiff's repeated failure to comply with his discovery obligations and court orders.  Id.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissing the SAC.  The record demonstrates Plaintiff has been given numerous opportunities to comply with his discovery obligations.  In addition, Plaintiff continues to disregard his discovery obligations and Court orders despite lesser monetary sanctions having previously been imposed by this Court on January 14, 2020.  See dkt. 169.  While dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), Plaintiff received further notification with the original Report and Recommendation and the accompanying notice of the right to file objections.  Dkts. 185, 186.

Finally, Plaintiff fails to demonstrate his refusal to comply with his discovery obligations or Court orders is outside his control.  Rather, Plaintiff's repeated failure to communicate with Defendants' counsel, file a motion for protective order before failing to appear at his Court ordered depositions, or comply with Court orders demonstrates a willful disregard for discovery rules and court orders.  See Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) ("A party's lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey

1  court orders and in weighing the other factors regarding dismissal, but pro se status

2  does not excuse intentional noncompliance with discovery rules and court orders.").

3      Accordingly, after weighing the relevant factors, the Court finds Plaintiff's

4  repeated refusal to appear for his deposition, properly meet and confer, and comply

5  with Court orders demonstrates willful misconduct sufficient to justify the imposition

6  of case-dispositive sanctions.  See Fair Hous. of Marin, 285 F.3d at 905; see also

7  Saravia v. Dynamex, Inc., No. C 14-05003-WHA, 2016 WL 5952700, at *4 (N.D. Cal.

8  Sept. 30, 2016) (dismissing plaintiffs from action with prejudice, where plaintiffs failed

9  to offer any excuse for repeatedly failing to appear at their depositions); Attebery,

10  2012 WL 3150273, at *1 (dismissing action with prejudice for failure to respond to

11  discovery, appear at deposition, or pay previously ordered monetary sanctions).

12  Hence, the Court finds the case should be dismissed with prejudice for failure to

13  prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure

14  41(b).

15                          **IV.**

16                    **RECOMMENDATION**

17      IT IS THEREFORE RECOMMENDED that the District Court issue an

18  order: (1) accepting the findings and recommendations in this Final Report and

19  Recommendation; (2) GRANTING Defendants' Motion; and (3) DISMISSING the

20  action with prejudice.

21

22  Dated: September 17, 2020

23                    _____
                      HONORABLE KENLY KIYA KATO
24                    United States Magistrate Judge

25

26

27

28

                          11